## POLICASTRO v. PITSKE.

(Supreme Court, Appellate Term.   January 21, 1910.)

ACCORD AND SATISFACTION (§ 10*)—COMPROMISE AND SETTLEMENT (§ 5*)—PAY-
MENT OF DISPUTED CLAIM—EFFECT.

   Where there was an honest dispute as to the amount due under a con-
tract, and the owner sent a check to the contractor in full payment, and
the contractor retained the check for several months, and then used it,
there was an accord and satisfaction.

   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§
66–74; Dec. Dig. § 10;* Compromise and Settlement, Dec. Dig. § 5.*]

   Appeal from Municipal Court, Borough of Manhattan, Second
District.

   Action by Cleonice Policastro, doing business as the Lorenzo Build-
ing Construction Company, against Edgar Pitske.   From a judgment
for plaintiff, defendant appeals.   Reversed, and new trial ordered.

   Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

   Herman H. Kimmel, for appellant.
   Charles Eno, for respondent.

   DAYTON, J.   Defendant entered into a contract with plaintiff for
alterations and repairs on defendant's premises at a cost of $1,775.
This action is brought to recover $28, an alleged unpaid balance of
that amount.   The answer is a general denial and account stated.
Pleadings unverified.   Plaintiff had judgment for amount claimed
and $2 costs.   Defendant appeals.

   Considerable dispute and correspondence occurred between the par-
ties as to the balance due, and on December 12, 1907, defendant wrote
plaintiff as follows:

   "Enclosed please find check for $7, all that remains of the contract price
after making deductions as per contract.   There are a great many deductions
that I am entitled to make, but rather than go into litigation with you I am
meeting you more than half way.   Hoping this will end the matter, I remain."

   Plaintiff on December 17, 1907, acknowledged the check, stating
that it would not be accepted as payment, but he would keep it for
evidence.   On April 29, 1908, plaintiff wrote defendant in substance
that, as—

   "we are short of money,   *   *   *   we are going to deposit your checks of $40
and $7, received November 22, 1907, and December 12, 1907,   *   *   *   only
with the understanding that these checks will be deposited only on account,
and not as full payment, and the balance of $28 will be still unpaid.   If not
satisfactory to you, kindly inform us, for we insist on getting the full amount."

   The checks were accordingly deposited, and paid on presentation
through the clearing house.   If plaintiff was unwilling to accept the
$7 check, its return to defendant within a reasonable time was neces-
sary.   Its use could not by any act or purpose of plaintiff change the
conditions imposed by defendant upon its receipt, unless those con-
ditions were changed or modified by him.   He remained silent, and
the check was paid to plaintiff, and about a year later this action was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought. No fraud is claimed by either party. The disputes as to the performance of the contract, and as to the balance due, apparently were honestly contended by both parties. The long retention and final use of the $7 check was, under the authorities, an acceptance of the condition accompanying its receipt, whereby an accord and satisfaction followed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.